FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 0 6 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES JEROME SEATS, GDIC NO. 215666, Plaintiff, | CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:06-CV-1425-RLV |
| JAMES DONALD, COMMISSIONER OF THE GEORGIA DEPARTMENT OF CORRECTIONS, Defendant. | |

## ORDER

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff states that on April 12, 2006, he completed a 24-month sentence and was released from the Cobb County Prison Work Camp. (Doc. 1 at ¶ IV). Plaintiff also states that he has the documents to prove that he completed his sentence, and that he was given credit for time served, presumably in pretrial detention. (Id.). After his release, Plaintiff was placed in the custody of the Douglas County Sheriff's Department to face unrelated charges. (Id.).

On May 24, 2006, unnamed officials of the Georgia Department of Corrections ("GDOC") directed the Douglas County Sheriff's Department to take Plaintiff to the Georgia Diagnostic Classification Prison ("GDCP") in Jackson, Georgia. (Id.). Plaintiff alleges that no prison official "at GDCP has thoroughly investigated this matter and have given me no concrete reason for being sent to prison." (Id.). The database for the GDOC shows that Plaintiff was convicted of possession of cocaine, for which he received a 24-month sentence, and forgery in the second degree, for which he received a five-year sentence. (www.dcor.state.ga.us). The database shows that the crimes were committed on November 27, 2000, and that Plaintiff has a projected release date of October 30, 2007. (Id.).

3

Plaintiff seeks money damages from James Donald, the Commissioner of the GDOC. (Doc. 1 at ¶ V). Plaintiff also asks this Court to order his immediate release. (Id.).

It is apparent that Plaintiff's transfer to the GDCP was done by GDOC officials acting in their official capacity. "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable. . . ." Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995). Accordingly, Plaintiff is not entitled to recover money damages from Defendant Donald.

As to Plaintiff's request to be released from prison, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). The proper method for attacking a prisoner's unconstitutional confinement is through a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, not a civil suit brought pursuant to 42 U.S.C. § 1983. Id. at 500. Consequently, release from custody is not an available remedy in a civil rights action. Id. at 479.

4

AO 72A
(Rev.8/82)

However, this action is not one this Court need order re-styled as a habeas corpus petition. Before Plaintiff may obtain relief in this Court, he must first exhaust his state court remedies, which he apparently has not done. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements . . . is that petitioners must first exhaust their state court remedies." (Tjoflat, J., concurring)); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973) ("the [exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

Plaintiff has at least one available state remedy. Georgia law provides state prisoners the opportunity to seek a state writ of habeas corpus. See O.C.G.A. § 9-14-1(c). None of the allegations contained in the instant complaint suggest that this state remedy will not effectively protect Plaintiff's rights. Because Plaintiff has not exhausted his available state remedy, this Court finds that this action should be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509 (1982).

AO 72A
(Rev.8/82)

III.  Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.  For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 6th day of July, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

6